**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY HOFFSTEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21−cv−04335 |
| v. | ) | Honorable Judge Robert M. |
| | ) | Dow, Jr. |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD CORPORATION | ) | |
| D/B/A METRA, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**INITIAL JOINT STATUS REPORT**

Plaintiff Timothy Hoffstead ("Plaintiff") and Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra ("Defendant") file this Initial Joint Status Report pursuant to the Court's September 10, 2021 Minute Order:

1. **Attorneys of Record.**

    a. For Plaintiff: Sherrie E. Voyles, Taylor E. Muzzy, and Elisa Redish of Jacobs, Burns, Orlove & Hernandez LLP. Sherrie E. Voyles and Taylor E. Muzzy are expected to try the case.

    b. For Defendant: Stephen G. Goins, Sue-Ann Rosen, Russal John Anderson, Thomas J. Platt, of Metra Law Department. Stephen Goins is expected to try the case.

2. **Basis for Federal Jurisdiction.** Federal question jurisdiction is based on 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 42 U.S.C. § 2000e-5(f).

3. **Nature of the Claims Asserted and Counterclaims.**

    a. The Complaint asserts a claim that Defendant has discriminated against Plaintiff in violation of the Americans with Disabilities Act ("ADA").

1

    b. Defendant has not asserted any counterclaims.

4. **Proposed Briefing Schedule for Motion to Dismiss.** On October 19, 2021, Defendant filed a motion to dismiss the Complaint's constructive discharge claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The parties propose the following briefing schedule:

    i. Plaintiff's response to Defendant's motion to dismiss shall be due November 19, 2021;

    ii. Defendant's reply in support of its motion to dismiss shall be due December 17, 2021. Defendant requests this time due to a trial scheduled to begin on November 15, 2021 that is anticipated to last three weeks.

5. **Service Issues.** The sole defendant in this matter has been served.

6. **Principal Legal Issues.** The principal legal issue in this case is whether Defendant discriminated against Plaintiff based on his disabilities in violation of the ADA.

7. **Principal Factual Issues.** The principal factual issues in this case are whether Defendant discriminated against Plaintiff based on disabilities in violation of the ADA by:

    a. placing him on unpaid medical leave due to a positive drug test caused by lawfully prescribed medications taken for his disabilities;

    b. because of the positive drug test caused by lawfully prescribed medications taken for his disabilities, demoting him from his positions as an explosive detection dog handler and field training officer and refusing to reinstate him to these higher-paying positions on his return from the unpaid medical leave;

    c. because of the positive drug test caused by lawfully prescribed medications taken for his disabilities, placing him on an unfavorable schedule on his return from unpaid medical leave; and

    d. constructively discharging him by creating a hostile work environment upon his return from unpaid leave.

8. **Whether Jury Trial Has Been Demanded.** Plaintiff has demanded a jury trial.

9. **Discovery**

    a. No discovery has yet been taken.

    b. The parties anticipate that discovery will include written and oral discovery, potentially including electronic discovery. Plaintiff anticipates taking up to 6 depositions. Defendant anticipates taking approximately 6 depositions.

    c. The parties anticipate needing a protective order to maintain the confidentiality of Plaintiff's medical records.

    d. The parties propose the following discovery schedule:[1]

        i. Mandatory initial discovery responses shall be served on or before November 12, 2021;

        ii. The parties shall issue initial written discovery on or before December 3, 2021;

        iii. All fact discovery shall be completed on or before June 30, 2022;

        iv. Plaintiff shall disclose his expert report(s), if any, on or before July 31, 2022;

---

[1] Should the Court grant Defendant's Motion to Dismiss and allow Plaintiff leave to replead, these deadlines may be modified.

     v. Deposition of Plaintiff's expert(s), if any, shall be completed on or before August 30, 2022;

     vi. Defendant shall disclose its expert report(s), if any, on or before July 31, 2022;

     vii. The deposition of Defendant's expert(s), if any, shall be completed on or before August 30, 2022;

     viii. Dispositive motions shall be filed August 30, 2022 if there are no experts and September 31, 2022 if there are experts.

10. **Trial.** At this stage of the case, the parties anticipate that the earliest date the parties would be ready for trial is December 2022. The estimated length of the trial is 3 days.

11. **Magistrate Judge.** The parties do not consent to proceed before a Magistrate Judge.

12. **Settlement Discussions.** On October 18, 2021, Plaintiff sent a settlement demand letter to Defendant. Defendant has not yet responded to the letter.

13. **Settlement Conference Request.** At this time, the parties do not request a settlement conference.

Respectfully submitted,

/s/ Taylor E. Muzzy  
Taylor E. Muzzy  
Jacobs, Burns, Orlove & Hernandez LLP  
150 N. Michigan Ave., Suite 1000  
Chicago, IL 60601  
tmuzzy@jbosh.com

/s/ Stephen Goins  
Stephen Goins  
Metra Law Department  
547 W. Jackson Blvd.  
Chicago, IL 60661  
sgoins@metrarr.com

## CERTIFICATE OF SERVICE

    I, Taylor E. Muzzy, certify that I caused a copy of the foregoing document to be served upon the following persons by filing it electronically via ECF on October 26, 2021:

>Stephen G. Goins
>Sue-Ann Rosen
>Russal John Anderson
>Thomas J. Platt
>Metra Law Department
>547 W. Jackson Blvd.
>Chicago, IL 60661

      /s/  Taylor E. Muzzy
      Taylor E. Muzzy