IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY HOFFSTEAD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21−cv−04335 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION D/B/A METRA, | ) ) | Mag. Heather K. McShain |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S CONSTRUCTIVE DISCHARGE CLAIM**

Plaintiff Timothy Hoffstead ("Hoffstead") submits this Response to Defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra's ("Metra") Motion to Dismiss Plaintiff's Constructive Discharge Claim ("Motion") (ECF#13) and Memorandum in support thereof ("Memorandum") (ECF#14). Hoffstead has pleaded sufficient facts to state a claim for constructive discharge and respectfully requests that the Court deny the Motion.

**FACTS**

Hoffstead is a former Metra police officer. (ECF#1 ¶5) On August 3, 2018, Metra placed Hoffstead on unpaid leave after receiving the results of a random drug test. (ECF#1 ¶5) The test was positive for the presence of amphetamine, hydrocodone, and hydromorphone, which were present due to the lawfully prescribed medications Hoffstead took for his disabilities of migraines and Attention Deficit Disorder. (ECF#1 ¶33, 37, 38) Metra was aware of Hoffstead's disabilities and the medications he took for these disabilities. (ECF#1 ¶20-21, 27-28, 32)

Despite the test result being changed from a positive to a negative on or about August 8, 2018, Metra did not allow Hoffstead back to work until October 10, 2018. (ECF#1 ¶43) Hoffstead

1

alleges generally that, after returning to work, he experienced a hostile work environment that became so intolerable he had to resign. (ECF#1 ¶48) For example, Metra refused to reinstate him to his previous positions of explosive dog handler and field training officer, both of which resulted in decreased pay and other benefits. (ECF#1 ¶44-50) Also by way of example, Metra assigned him to an unfavorable overnight shift and because the discipline Metra improperly issued him for the false positive drug test stayed on his record, Hoffstead also feared termination for even one infraction. (ECF#1 ¶46, 49) Because of the hostile work environment he faced upon his return to Metra, Hoffstead resigned in February 2018, and took a lower paid position as a police officer with the Genoa Police Department. (ECF#1 ¶51)

## ARGUMENT

A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009). Dismissal is only warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). While *Bell Atlantic* "retooled federal pleading standards and retired the oft-quoted *Conley* formulation," notice pleading is still all that is required." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotations and citations omitted.) "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Id*.

While "the bar is a high one" for proving constructive discharge, and Hoffstead might not ultimately be able to gather enough evidence to prove his working conditions were intolerable,

2

that is not the question for this Court at this time. *Smoler v. Bd. of Educ. for W. Northfield Sch. Dist. #31*, 524 F. Supp. 3d 794, 808 (N.D. Ill. 2021). The question is whether Hoffstead's allegations, along with all reasonable inferences drawn therefrom, plausibly state a claim under constructive discharge theory. *Id*. at 808-809. Hoffstead's allegations are sufficient to clear this low bar at this early stage.

Rejecting an argument similar to Metra's and denying a motion to dismiss a constructive discharge claim, the Court in *Smoler* noted that: "Defendants cite only summary judgment decisions, and this is telling." *Id*. at 808. The same is true of the cases cited by Metra in its Memorandum, with Metra erroneously arguing as if the summary judgment evidentiary standard applies at this stage of proceedings. All the cases that Metra cites in its Memorandum were decided at the summary judgment stage. *See* ECF #14 (citing *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018) (granting summary judgment for employer on plaintiff's constructive discharge claim under Title VII of the Civil Rights Act of 1964 and Section 1981); *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311 (7th Cir. 1986) (granting summary judgment for employer and union on plaintiffs' constructive discharge claims under the Age Discrimination in Employment Act); *Miller v. State of Ill.*, 681 F. Supp. 538 (N.D. Ill. 1988) (granting summary judgment for employer on plaintiff's constructive discharge claims under Title VII, Section 1981, and Section 1983); *Tutman v. WBBM-TV, Inc./CBS, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000) (granting summary judgment for employer on plaintiff's constructive discharge claim under Title VII); *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998) (granting summary judgment for employer on plaintiff's constructive discharge claims under Title VII and Section 1981); *Cigna v. Chippewa Falls School Dist.*, 388 F.3d 333 (7th Cir. 2004) (granting summary judgment for employer on plaintiff's constructive discharge claim under the ADA); *Fields v. Bd.*

*of Educ., City of Chicago*, 928 F.3d 622 (7th Cir. 2019) (granting summary judgment for employer on plaintiff's constructive discharge claims under the Age Discrimination in Employment act and Section 1981); *Ford v. Marion Cty. Sheriff's Off.*, 942 F.3d 839 (7th Cir. 2019) (granting summary judgment for employer on numerous claims, but constructive discharge was not at issue).

In *Carlson v. CSX Transport, Inc.*, 758 F.3d 819 (7th Cir. 2014), the Seventh Circuit "warned against dismissing harassment-based constructive discharge theory of liability on the pleadings…" *Huber v. Fox Valley Park Dist.*, No. 19-cv-5337, 2021 WL 1546425, *3 (N.D. Ill. Apr. 20, 2021) (citing *Carlson*, 758 F.3d at 829-30). The Seventh Circuit found that the District Court had held the plaintiff to too high of a standard at the motion to dismiss stage. "The conditions [the plaintiff] described in her complaint may not ultimately qualify as intolerable, but we cannot say so definitively at the pleading stage, which (we stress again) is before any evidence is required." *Carlson*, 758 F.3d at 830. "Identifying specific examples of poor treatment and tying them to an unlawful motivation suffice[s] at the pleading stage." *Huber*, 2021 WL 1546425 at *3 (citing *Carlson*, 758 F.3d at 831).

Here, Hoffstead alleges generally that he experienced a hostile work environment that became so intolerable he had to resign. (ECF#1 ¶48) Hoffstead then provides a few examples of the conduct he endured – Metra demoting him to a lower paid position with fewer benefits and an unfavorable schedule and that he was subject to discharge for just one infraction. (ECF#1 ¶44-50) Hoffstead pleaded a connection to an unlawful motivation, as Metra's adverse action would not have come about but for Metra placing Hoffstead on unpaid leave due to his false positive drug test, caused by the lawfully prescribed medications he takes to treat his disabilities.

Hoffstead need not do more at this early stage of the proceedings. He has pleaded generally that he was subjected to conduct so intolerable that he had to resign and provided a few examples

4

of that conduct. Hoffstead has provided enough detail to give Metra fair notice of his constructive discharge claim, and the grounds upon which it rests, and now he should have the opportunity to establish through discovery additional evidence in support of that claim.

## CONCLUSION

For the foregoing reasons, Hoffstead respectfully requests that the Court deny Metra's Motion to Dismiss Plaintiff's Constructive Discharge Claim. In the alternative, Hoffstead requests that the Court grant him leave to amend the Complaint.

Respectfully submitted,

　/s/ Taylor E. Muzzy　
One of Plaintiff's Attorneys

Taylor E. Muzzy
Sherrie E. Voyles
JACOBS, BURNS, ORLOVE & HERNANDEZ LLP
150 North Michigan Ave. Suite 1000
Chicago, Illinois 60601
(312) 327-3450
(312) 327-3444
tmuzzy@jbosh.com
svoyles@jbosh.com

**CERTIFICATE OF SERVICE**

      I, Taylor E. Muzzy, certify that I caused a copy of the foregoing document to be served upon the following persons by filing it electronically via ECF on November 19, 2021:

>Stephen G. Goins
>Sue-Ann Rosen
>Russal John Anderson
>Thomas J. Platt
>Metra Law Department
>547 W. Jackson Blvd.
>Chicago, IL 60661

                                    /s/ Taylor E. Muzzy
                                    Taylor E. Muzzy