UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HOFFSTEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 4335 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD COPRORATION ) | |
| D/B/A METRA ) | |
| ) | |
| Defendant. ) | |

**OPINION**

The Court grants Defendant Northeast Illinois Regional Commuter Railroad Corporation's motion for entry of bill of costs [79] and taxes costs in favor of Defendant Northeast Illinois Regional Community Railroad Corporation and against Plaintiff Timothy Hoffstead in the amount of $3,699.40. The Court stays enforcement of the taxation of costs pending the resolution of the appeal in this case. See Statement.

**STATEMENT**

Plaintiff Timothy Hoffstead sued Defendant Northeast Illinois Regional Commuter Railroad Corporation ("Metra"), his former employer, for discrimination and constructive discharge in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. The Court granted Metra's motion for summary judgment on November 21, 2023. Doc. 78. Hoffstead subsequently appealed. Doc. 81. However, before Hoffstead filed his appeal, Metra filed a bill of costs, seeking to recover $5,811.30 pursuant to Federal Rule of Civil Procedure 54(d)(1). Doc. 79. Hoffstead objects to four categories of costs: the deposition transcripts of Metra's witnesses, Joseph Perez, Nicole Lang, Brian Windle, Brian Mack, and Danielle Gauthier; the video recording and zoom conference fee for Hoffstead's deposition; the skip trace fee for Dr. David Pocock; and the costs for exemplification and copies of papers. After reviewing Hoffstead's objections, the Court finds it appropriate to reduce Metra's costs to $3,699.40. Additionally, the Court stays enforcement of the taxation of costs pending the appeal's resolution.

Federal Rule of Civil Procedure 54(d) provides that unless a federal statute, the Federal Rules, or the Court provides otherwise, costs should be allowed to the prevailing party in a litigation. Pursuant to 28 U.S.C. § 1920, the Court may tax as costs certain fees, including those for service of summons and subpoenas, "transcripts necessarily obtained for use in the case," and "exemplification and the costs of making copies of any materials where the copies are

necessarily obtained for use in the case." The prevailing party is presumptively entitled to costs. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The prevailing party maintains the burden of establishing the reasonableness and necessity of the potentially recoverable costs. *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If the prevailing party satisfies that burden, the losing party bears the burden of showing that the costs are inappropriate. *Beamon*, 411 F.3d at 864. The Court enjoys "wide discretion in determining and awarding reasonable costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

### 1. Depositions

Metra seeks costs relating to seven depositions. Hoffstead challenges Metra's requests for costs associated with the deposition transcripts of Perez, Lang, Windle, Mack, and Gauthier. He also challenges Metra's requests for costs relating to his video deposition. Hoffstead does not challenge any costs relating to Dr. Seth Feldman's deposition. As discussed below, the Court finds it appropriate to tax Hoffstead $3,433.10 for the costs relating to all seven depositions.

#### a. Transcripts of Perez, Lang, Windle, Mack, and Gauthier

Hoffstead initially argues that the Court should not award any costs for the transcripts from Perez, Lang, Windle, Mack, and Gauthier's depositions because Metra did not provide the page numbers for the transcripts. However, the Court has access to the full transcripts because the parties attached those documents as exhibits to their summary judgment motions. *See* Docs. 64-8, 64-9, 64-10, 64-12, 64-13, 64-14, 64-17. Hoffstead successfully determined the number of pages for each transcript, *see* Doc. 89 at 4, and with the transcripts available in the record, the Court can too. As such, the Court does not find it appropriate to prevent Metra from recovering costs on the deposition transcripts on this ground.

Section 1920(2) permits Metra to recover fees for transcripts necessarily obtained for use in the case, but it limits the recoverable cost to the regular copy rate established by the Judicial Conference of the United States in effect at the time the transcript or deposition was filed unless another rate was previously provided for by order of the court. N.D. Ill. LR 54.1(b). As the parties requested these transcripts before October 1, 2023, the governing transcript fee rates are $3.90 per page for an original transcript and $0.90 per page for a copy. *See* N.D. Ill. General Order 23-0015, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/ rules/admin/pdf- orders/General%20Order%2023-0015%20%20Increase%20Transcript%20 Fee%20Rates.pdf. Metra seeks costs for transcript service, exhibits, and hosting and delivery fees for the Perez, Lang, Windle, Mack, and Gauthier transcripts. *See* Doc. 79 at 7–9. Hoffstead only challenges the transcript services and hosting and delivery amounts.

Hoffstead first argues the Court should reduce the taxable cost of the transcript services because Metra can only recover the cost of a copy transcript for the transcript itself, not any of the indexes. "Condensed transcripts, indexes and ASCII diskette copies of the transcripts are not taxable because they are considered to be prepared for the benefit of [the party] and are not necessary to the litigation." *Surratt v. Chi. Transit Auth.*, No. 03 C 2228, 2005 WL 946873, at *2 (N.D. Ill. Apr. 18, 2005). The proper page count for each of the transcripts, excluding the

indexes, is as follows: 111 pages for Perez's transcript, 113 pages for Lang's transcript, 93 pages for Windle's transcript, 113 pages for Mack's transcript, and 110 pages for Gauthier's transcript. Because Metra appears to treat these transcripts as copies[1], the Court finds it appropriate to tax the following costs for each of the transcripts: $101.70 for Lang's transcript, $83.70 for Windle's transcript, $101.70 for Mack's transcript, and $99 for Gauthier's transcript. The Court does not need to reduce the cost for Perez's transcript, as the invoice notes the transcript services totaled $64, which amounts to less than the value of applying the governing transcript fees.

Hoffstead also asserts Metra cannot recover for shipping costs of the transcripts. Metra seeks $28 per transcript for hosting and delivery fees. Generally, shipping costs "are considered ordinary business expense[s] and may not be charged in relation to obtaining transcripts." *Pezl v. Amore Mio, Inc.*, No. 08 C 3993, 2015 WL 2375381, at *4 (N.D. Ill. May 13, 2015) (citations omitted) (internal quotations omitted); *see also SP Techs., L.L.C. v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *4 (N.D. Ill. Jan. 10, 2014) (disallowing costs associated with the shipping or delivery of deposition transcripts); *Heneghan v. City of Chicago*, No. 09 C 759, 2011 WL 4628705, at *2 (N.D. Ill. Oct. 3, 2011) (the court "has repeatedly held that shipping and delivery fees constitute an ordinary business expense, and as such will not award them in this case"). While the Court has discretion to tax delivery charges "incidental" to the taking of a deposition, *see Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), Metra has not provided any reason why the delivery charge was incurred or why the Court should exercise its discretion to tax this charge. *See Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., L.L.C.*, No. 07 CV 623, 2014 WL 125937, at *3–4 (N.D. Ill. Jan. 14, 2014) (denying costs for delivery charges because delivery was for defendant's convenience and was not reasonable and necessary); *Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.*, No. 09–cv–7231, 2013 WL 147014, at *3 (N.D. Ill. Jan 11, 2013) (denying costs for delivery fees because defendant made no attempt to explain why the fees were reasonable or necessary). The Court therefore does not tax Hoffstead the shipping costs from the Perez, Lang, Windle, Mack and Gauthier transcripts.

In sum, Metra may recover $877.10 for the deposition transcripts of Perez, Lang, Windle, Mack and Gauthier.

      b.      **Hoffstead's Video Deposition**

Next, Hoffstead challenges the charges related to the video recording of his deposition. Hoffstead argues that the video recording itself should not be taxed because it functioned as an unnecessary cost given that Metra received the transcript. The Court agrees that Metra has not shown that videotaping Hoffstead's deposition was reasonably necessary, especially because Metra failed to indicate that Hoffstead would not be available at trial. *See Chi. Bd. Options*, 2014 WL 125937, at *4 (not allowing video-recording fees for witnesses who were not shown to have been unavailable); *Lawson v. Sun Microsystems, Inc.*, No. 107 CV 196, 2016 WL 231317, at *3 (S.D. Ind. Jan. 19, 2016) (video-recording plaintiff expected to testify at trial was not

---

[1] The transcript service costs Metra listed on pages 7–9 of Doc. 79 reflect the cost of the transcripts, including the indices, if each page was multiplied by $1.00, which applies to copies of transcripts requested on or after October 1, 2023. *See* N.D. Ill. General Order 23-0015, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%202023-0015%20%20Increase%20Transcript%20Fee%20Rates.pdf

reasonable or necessary). The Court therefore disallows the $1,620 requested for the videorecording of Hoffstead's deposition.

Hoffstead also argues that the Zoom conference fee applied to his deposition should not be taxed because it too was unnecessary given that Metra could have deposed Hoffstead in person instead of over Zoom. Courts have generally permitted a party to recover the costs "necessarily related to the video deposition" when it occurred remotely during the Covid-19 pandemic. *Siwak v. Xylem, Inc.*, No. 19 C 5350, 2021 WL 5163289, at *1 (N.D. Ill. Nov. 5, 2021); *see also Africano v. Atrium Med. Corp.*, No. 17-CV-7238, 2022 WL 1989450, at *8 (N.D. Ill. June 6, 2022) (allowing defendant to recover costs for the court reporter's virtual deposition platform when defendant provided documentation to support the costs). Therefore, the Court will allow Metra to recover the $100 Zoom conference fee. In sum, the Court awards Metra $1,824 in costs related to Hoffstead's deposition.

### 2.     Skip Tracing

Hoffstead objects to the cost for skip tracing one potential witness, Dr. Pocock. While "fees for subpoenas and services of process are generally recoverable as costs," that principle does not extend to "a deposition witness who is never deposed." *Elusta v. City of Chicago*, 760 F. Supp. 2d 792, 803 (N.D. Ill. 2010). Simply put, "if the witness was never deposed, the costs were not necessary." *Id.* As reflected in the record, Hoffstead served a subpoena on Dr. Pocock on June 26, 2022 and received responsive documents from Dr. Pocock on October 21, 2022. *See* Doc. 39 at 3. The invoice for the skip-tracing used for Dr. Pocock was dated November 17, 2022, months after Metra served Dr. Pocock. Metra does not explain why it needed to employ skip tracing to serve Dr. Pocock, particularly when it did not depose him. *Cf. Chapman v. Wagener Equities, Inc.*, No. 09-CV-07299, 2017 WL 2973420, at *4 (N.D. Ill. July 12, 2017) (allowing costs for a skip tracing fee of a witness who was never deposed because the witness "actively evaded being a part of this proceeding"). Therefore, the Court disallows the $225 requested for the skip trace fee.

### 3.     Exemplification and Copies of Papers

Finally, Hoffstead seeks to disallow the exemplification and costs for the copies of the docket report because Metra could review this for free online as counsel of record. Maintaining a paper file of electronically served documents is reasonable, however. *See Dishman v. Cleary*, 279 F.R.D. 460, 469 (N.D. Ill. 2012) ("Printing a paper copy of each docket entry in an age of electronic filing is necessarily obtained for use in the case, and is not merely for convenience of counsel."). The Court will not reduce Metra's costs here.

Hoffstead also criticizes Metra's failure to provide descriptions for the remaining entries, which amount to $5.40. The Seventh Circuit has noted that it would be "preposterous" to "[h]av[e] a lawyer devote the time necessary to demonstrate the necessity of . . . every copy of a document, [which] would be far more costly than the copying itself." *Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014); *see also In re Text Messaging Antitrust Litig.*, No. 08 C 7082, 2014 WL 4343286, at *2 (N.D. Ill. Sept. 2, 2014) (following *Scheidler* in concluding that "[i]t would undoubtedly be onerous for any prevailing party in a litigation as

4

long-running and far-reaching as this one to identify precisely each document it had copied along the way, as well as how many there were and how many each copy cost"). Although it would have been helpful if Metra had provided additional information concerning the documents copied, the Court will allow Metra to recover the requested additional $5.40 in copying costs.

  The Court grants Metra's request for costs in the amount of $3,699.40.[2] The Court stays enforcement of this order pending the resolution of the appeal.

Dated: February 27, 2024

                                 _____
                                 SARA L. ELLIS
                                 United States District Judge

---

[2] The Court arrived at $3,699.40 by adding $3,433.10 for fees for printed or electronically recorded transcripts obtained for use in this case, $250 for fees for witnesses, and $16.30 for copies and exemplification costs.